UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**HOLLY BARRETT,**

**Plaintiffs,**

**v.** **Case No. 25-CV-1283-SCD**

**MANPOWER US, INC,** and
**PFIZER INC,**

**Defendant.**

---

## DECISION AND ORDER

---

Holly Barrett brought this lawsuit alleging an Americans with Disabilities Act claim against Manpower, a staffing agency, and Pfizer, where Manpower had assigned Barrett to work. Manpower moved to dismiss the complaint. Pfizer filed an answer and moved to compel arbitration or, in the alternative, for judgment on the pleadings. Barrett filed an amended complaint, which I struck as untimely. Order, ECF No. 36. In April 2026, I denied Pfizer's motion to compel arbitration, granted Manpower's motion to dismiss, and allowed Barrett's ADA claim to proceed against Pfizer. *See generally id.*

Shortly thereafter, with consent from Pfizer and leave from the court, Barrett filed a second amended complaint. ECF Nos. 41, 42, 43. Pfizer moved for reconsideration of the April order and moved to dismiss the second amended complaint. ECF Nos. 45, 46, 47, 48. Manpower filed an answer. ECF No. 49. The second amended complaint and Manpower's answer render moot the motion for reconsideration. Pfizer's motion to dismiss remains unresolved and can now be decided.

## BACKGROUND

I take these facts from the second amended complaint, ECF No. 43. Holly Barrett worked for temporary staffing agency Manpower. *See* SAC ¶¶ 3, 6, ECF No. 43. Manpower assigned Barrett to Pfizer's warehouse as a temporary warehouse associate. *Id.* ¶ 6. Barrett's first two weeks of training and orientation began on June 5, 2023. *Id.* ¶¶ 11–12. At the end of Barrett's first week, Pfizer's lead EHS quality manager told Barrett that medications were not allowed on the work floor (Barrett takes oxycodone for pain related to cancer treatment). *Id.* ¶¶ 3, 15. Barrett told Pfizer's second shift manager, LaToya Pitts, that Barrett would need to go to the breakroom to take medication every four hours. *Id.* ¶ 16. Pitts asked what the medication was. *Id.* ¶ 17. When Barrett said oxycodone, Pitts said that Barrett could not operate heavy machinery or work in the warehouse while taking oxycodone. *Id.* ¶ 17–18. About an hour later, "Chris Smith (Manpower on-site supervisor) and Clare Bedolla (Manpower client coordinator), who identified themselves as HR with Defendant Manpower, . . . told Plaintiff that she needed to bring a doctor's note releasing her to work while taking the medication, which they would provide to Defendant Pfizer." *Id.* ¶ 21.

The following Monday, Barrett provided a note to Manpower from her doctor clearing her to operate heavy equipment while taking medications. *Id.* ¶ 22. Manpower provided the note to Pfizer. *Id.* ¶ 23. On Friday, "Smith from Defendant Manpower informed Plaintiff that her employment was terminated from both Defendants." *Id.* ¶ 24. Smith did not give a reason for Barrett's termination. *Id.* ¶ 25. Plaintiff alleges that "Defendants provided false and misleading statements to her and to the EEOC regarding the reason(s) for her termination." *Id.* ¶ 26.

## LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss for failure to state a claim, the . . . complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, courts must "accept the well-pleaded facts in the complaint as true and draw reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Child.'s Hosp.*, 69 F.4th 437, 448 (7th Cir. 2023) (citing *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022)).

## DISCUSSION

Pfizer moves to dismiss the second amended complaint, asserting that Barrett has not plausibly alleged facts to support a conclusion that Pfizer employed Barrett. Pfizer Br. 1, ECF No 48. Pfizer asserts that Barrett failed to allege sufficient facts to "satisfy any of the *Knight* factors as to Pfizer." *Id.* at 4. (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377 (7th Cir. 1991)). Alternatively, even if Pfizer did employ Barrett, Barrett has not stated a claim under the ADA. *Id.* at 6. In a two-page response, Barrett argues that she "identifies the Defendants as joint employers" and addressed all of the *Knight* factors. Barrett Br. 1, ECF No. 53.

"In light of the complex relationships that sometimes exist between individuals and the modern entities for which they work, courts have fashioned a number of tests that determine when a particular employer may be subject to liability under the ADA and related

civil rights statutes." *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 812 (7th Cir. 2014). "The Seventh Circuit has recognized joint employer status between a temporary services agency and its client in the labor law context where 'two employers exert significant control over the same employees.'" *Shah v. Littelfuse Inc.*, No. 12 CV 6845, 2013 WL 1828926, 2013 U.S. Dist. LEXIS 61081, at *6 (N.D. Ill. Apr. 29, 2013) (quoting *NLRB v. Western Temp. Servs., Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987)). To find an employer-employee relationship, the court considers:

> (1) the extent of the employers' control and supervision over the worker, including directions on scheduling and performance of work;
>
> (2) the kind of occupation and nature of skill required, including whether skills are obtained in the work place;
>
> (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations;
>
> (4) method and form of payment and benefits; and
>
> (5) length of job commitment and/or expectations.

*Knight*, 950 F.2d at 379 (citation modified). The first factor, which includes hiring and firing power, is the most important. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 703 (7th Cir. 2015). In ruling on a motion to dismiss, I do not evaluate the truth of either side's assertions but merely assess whether the complaint has plausibly alleged facts that would support a finding of an employer-employee relationship between Pfizer and Barrett. I also note that, even if the two defendants could be deemed "joint employers," that does not mean they are liable for each other's actions. It simply means that each one may be liable as *an* employer if its own actions have violated the ADA. *Whitaker v. Milwaukee Cnty., Wisconsin,* 772 F.3d 802, 812 (7th Cir. 2014).

As to the first *Knight* factor, Barrett argues that Pfizer controlled and supervised her by "controll[ing] breaks and consumption of drugs on the production floor." Barrett Br. 1 (citing

SAC ¶¶ 15–20). Pfizer counters that the complaint's allegations only suggest that Plaintiff chose to approach a Pfizer employee and ask about her medication use; this solitary interaction does not establish meaningful control and supervision by Pfizer over Barrett. The second amended complaint clarifies that it was on-site Manpower employees, not Pfizer employees, who communicated with Barrett about the doctor's note and ultimately communicated Barrett's termination. Barrett has not alleged facts to show how Pfizer could have terminated Barrett's employment with Manpower, particularly given that Manpower could simply have assigned Barrett to a client other than Pfizer. In sum, Barrett has not alleged facts to support an inference that Pfizer exercised significant control and supervision over Barrett's employment. *See Knight*, 950 F. 2d at 379.

On the second *Knight* factor, Barrett argues that she acquired skills specific to Pfizer during training and orientation. Pfizer counters that any independent contractor will develop *some* skills specific to the client; it's only specialized or specific skills that would create an employer relationship. *Session v. Menasha Corp.*, Case No. 22-cv-1385, 2024 U.S. Dist. LEXIS at *13–14 (S.D. Ill. Apr. 9, 2024)). Barrett has not alleged facts to support an inference that the two-week training and orientation period at Pfizer imparted skills that were specialized or specific to Pfizer.

As for the third *Knight* factor, Barrett argues that "Pfizer was responsible for the costs of its operation at the plant where [Barrett] worked." Barrett Br. 2 (citing SAC ¶¶ 12, 14, 19). This is true, given that it was Pfizer's worksite, and so this factor favors a finding that Pfizer is an employer.

On the fourth *Knight* factor, Barrett argues that "Pfizer was responsible for [Barrett's] salary and benefits." *Id.* (citing SAC ¶¶ 24–25). Again, the allegations that Barrett cites on this

point do not support this conclusion—in the second amended complaint, as in the original complaint, Barrett does not allege which defendant controlled her salary and benefits. *See generally* SAC. In fact, being employed by Manpower suggests the opposite. If Pfizer were controlling her salary and benefits, there would be little reason to have a third-party employer in the picture at all.

As to the fifth *Knight* factor—length of job commitment and expectations—Barrett asserts that "[w]hen the decision was made to terminate Plaintiff's employment, Defendant Manpower informed Plaintiff that Defendant Pfizer had terminated her employment without providing a reason for the decision to Defendant Manpower." Barrett Br. 2 (citing SAC ¶¶ 21–23). This argument does not relate to the fifth *Knight* factor. Pfizer counters that Barrett's "temporary" assignment to Pfizer's warehouse weighs against finding Pfizer to be a joint employer. ECF No. 48 at 5; ECF No. 55 at 3. Barrett's job commitment to Pfizer was "temporary," and Barrett does not allege how long she expected to work on that assignment.

Based on the *Knight* factors, Barrett has not plausibly alleged facts to support an inference that Pfizer employed Barrett for purposes of ADA liability. The second amended complaint alleges some control by Pfizer's managers over Barrett's ability to take breaks and consume medication—the kinds of things one would expect from any work scenario like this—but Barrett has not alleged "significant" control by Pfizer. In sum, Barrett has not alleged in a non-conclusory fashion that Pfizer had sufficient authority over her employment such that it may be deemed her employer for ADA purposes.

## CONCLUSION

Barrett has not raised a plausible claim that Pfizer was Barrett's employer for purposes of ADA liability. The court therefore **GRANTS** Pfizer's motion to dismiss the second

amended complaint, ECF No. 47. The motion for reconsideration, ECF No. 45, is **DENIED** as moot, given the second amended complaint and Manpower's answer. The case will be placed on the calendar for a Rule 16 telephonic scheduling conference, prior to which counsel should confer as to an appropriate discovery schedule.

**SO ORDERED** this 10th day of August, 2026.

STEPHEN C. DRIES
United States Magistrate Judge